Charles A. Briggs, Respondent, *v.* Peningo Land Company and Another, Respondents, Impleaded with Nicola Riccio and Another, Respondents, Appellants, and The People of the State of New York, Appellant.

Second Department, March 17, 1933.

*Hugh Reilly, Assistant Attorney-General [John J. Bennett, Jr., Attorney-General, Edward L. Ryan, Henry Epstein* and *Arthur J. Stern* with him on the brief], for the appellant People of the State of New York.

*Patrick M. Kelly [John R. Bushong* and *Frederick H. Berges, Jr.,* with him on the brief], for the defendants Riccio.

*William X. Weed,* for the plaintiff.

Davis, J. In form the action is for the partition of a small tract of land known as " Flat Rock Island " lying off Parsonage point in the town of Rye, Westchester county. In fact the purpose of the action is to determine the title to the island — the plaintiff (and defendant Peningo Land Company, cotenant) claiming by conveyance, the State by right of sovereignty, and the defendants

Riccio by adverse possession. By the judgment title is decreed to be vested in plaintiff and his cotenant and partition is granted.

This " island " consists of a little more than two and one-half acres of barren rock and sedge, yet seems to have some value, the nature of which is undisclosed unless it be for fishing and fowling. At present it is separated from the upland owned by defendant Peningo Land Company by about 250 feet of water at high tide; although in comparatively recent years the channel was much narrower. It was sometimes called " Flat Rock; " and it is doubtful if it is or ever was technically an island, for it appears that at low tide one can (or could until recently) pass on foot to the rock. It does not appear that the channel was ever deemed navigable water. The evidence indicates that in earlier times the space between the rocky " island " and the rocky part of the upland was marsh land covered with certain grasses through which, in comparatively recent times, the channel was only about twenty feet wide; and that there was a bar consisting of earth, stone and gravel, forming a connection between the so-called island and the upland, rarely if ever covered with water, except perhaps for a brief period at high tide. Some early maps show no island.

It is well established by proof that a gradual erosion has occurred, to some extent widening and deepening the channel. This condition has been aided by clam diggers who dug up the grass and earth, causing them to be carried away by the tide; and by action of the elements that may be deemed avulsion, as evidenced by the carrying out of earth and rocks when the tides took out the ice that had formed in and about the channel. Such avulsion, in addition to erosion, is indicated in particular by the testimony of Captain Hodgins, who says he saw " the ice take out a stone weighing two tons." So we are inclined to let the finding in that respect stand. All this proof, together with the presence of salt meadows and sedges with different types of grasses, may indicate as a question of fact the boundaries of the land originally granted, together with the intent to be drawn from the grants. (*Baird* v. *Campbell*, 67 App. Div. 104; affd., 177 N. Y. 539.)

The origin of the title was in colonial grants and royal patents sufficiently established by proof, conveying lands bounded on the south by " the sea or sound." It is likely at that time that the island was either a part of the upland or so closely connected therewith as to be deemed a part of it. After conveyances began to be recorded in this State there have been descriptions in deeds conveying the uplands " including the salt meadows and sedges and the islands." This indicates a construction of the grant " to the sea or sound " as including the marshes or meadows where the

grasses grew even if below high-water mark, together with small islands lying near the shore. So if Flat rock be deemed an island, the title thereto in the predecessors of the plaintiff has been unquestioned for a hundred years. Naturally, under the circumstances — being connected with the upland by the marsh, even if occasionally the tides caused water to intervene between the rocky peninsula and Flat rock — there would be no reason for reserving or excepting this two and one-half acre piece of rock and sedge from the general grant. During the period of a hundred years while the lands were being conveyed as above described, it does not appear that the State made claim to this " island " or asserted any dominion over it. The owners have occupied it as occasion offered, and it has been assessed and taxed for many years as part of their property. The title of the plaintiff and his cotenant thereto is valid.

As to the appellant Nicola Riccio, he was a mere squatter on the island without color of title, and acquired no permanent rights by his intrusion thereon. His wife, Isabelle, makes no claim except that of dower.

The judgment should be affirmed, with costs.

Present — Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ.

Judgment unanimously affirmed, with costs.